UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HENRY B. BERROCAL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | SA-25-CV-279-OLG (HJB) |
| | § | |
| U.S. ATTORNEY GENERAL PAMELA | § | |
| BONDI, ATTORNEY GENERAL KEN | § | |
| PAXTON, and WELLS FARGO BANK, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

This Report and Recommendation concerns Plaintiff's Motion for Certification of Judicial Impartiality and Request for Transfer of Venue and Supplemental Affidavit in Support. (Docket Entries 33 and 34.) Pretrial matters in the above case have been referred to the undersigned for consideration pursuant to 28 U.S.C. § 636(b). (Docket Entry 5.) For the reasons set out below, I recommend that Plaintiff's motion (Docket Entry 33) be **DENIED**.

Plaintiff, who proceeds *pro se* in the matter, appears to have filed similar motions in six cases pending in the San Antonio Division of the Western District of Texas. (*See* Docket Entry 33, at 1.) Plaintiff cites no authority to support his request for a transfer, but argues that the judges in the San Antonio Division—and Western District generally—are biased against him and that a transfer to another jurisdiction, "preferably in New York, Washington, D.C., or California," would lead to a more impartial review of his claims. (*Id.*) As Plaintiff alleges judicial bias as his basis for transfer, the undersigned construes his motion as one for recusal under 28 U.S.C. § 455(a).

Section 455(a) mandates recusal whenever a judge's "impartiality might reasonably be questioned." The standard for evaluating motions for recusal is an objective one—whether a "well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person" would find personal bias or impartiality to be present. *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003) (quoting *United States v. Jordan*, 49 F.3d 152, 156 (5th Cir. 1995)). Absent such a showing, the motion should be denied, as a judge is "obligated not to recuse himself without reason." *United States v. Rhodes*, 332 F. Supp. 2d 965, 967–68 (N.D. Tex. 2004).

Plaintiff has not shown a legitimate basis for recusal of either the undersigned or the District Court under § 455(a). Plaintiff asserts that both the undersigned and the District Court have issued erroneous orders or recommendations (*see* Docket Entry 33, at 6, 8), and professes to believe that "ethnic discrimination" has played a role in the Court's requiring him to amend his pleadings to try to state a plausible claim (*id*. at 7). However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Andrade*, 338 F.3d at 455 (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). "Almost invariably, they are proper grounds for appeal, not for recusal." *Liteky*, 510 U.S. at 555.

Plaintiff also asserts that there are photographs of judges participating in "social and ceremonial events" with law enforcement officers, and that personal relationships and close ties with Texas officials involved in his cases "raise serious concerns about impartiality and fairness." (Docket Entry 33, at 7.) But mere allegations of friendship with a party or counsel is insufficient to support a claim of judicial bias. *Parrish v. Bd. of Comm'rs of Ala. State Bar*, 524 F.2d 98, 102 (5th Cir. 1975).

Because Plaintiff has not met the standard of § 455(a), I recommend that his motion (Docket Entry 33) be **DENIED**.

### Notice of Right to Object.

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Report and Recommendation must be filed **within 14 days** after being served with a copy of the same, unless this time period is modified by the District Court. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

The parties shall file any objections with the Clerk of the Court and serve the objections on all other parties. Absent leave of the Court, **objections are limited to 20 pages**. An objecting party must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; "objections that are frivolous, conclusory, or general in nature needn't be considered." *Williams v. Lakeview Loan Serv. LLC*, 694 F. Supp. 3d 874, 881 (S.D. Tex. 2023) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a *de novo* review by the District Court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking

on appeal the unobjected-to, proposed findings and conclusions accepted by the district court.

*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

      **SIGNED** on July 22, 2025.

_____
Henry J. Bemporad
United States Magistrate Judge