UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HENRY B. BERROCAL, | § § § | |
| Plaintiff, | § § | |
| v. | § § | SA-25-CV-279-OLG (HJB) |
| U.S. ATTORNEY GENERAL PAMELA BONDI, ATTORNEY GENERAL KEN PAXTON, and WELLS FARGO BANK, | § § § § § | |
| Defendants. | § § | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns Plaintiff's motions for permission to proceed *in forma pauperis* ("IFP") on appeal. (*See* Docket Entries 54–55.) All pretrial matters have been referred to the undersigned. (Docket Entry 5.) For the reasons set out below, Plaintiff's motions (Docket Entries 54 and 55) should be **DENIED**.

On July 30, 2025, the Court denied Plaintiff's motion for a temporary restraining order ("TRO"). (*See* Docket Entries 25, 27, and 46.) Plaintiff immediately appealed that interlocutory order. (*See* Docket Entry 46 ("This appeal is taken from the Order accepting the Magistrate Judge's Report and Recommendation denying Plaintiff's Emergency Motion for Injunctive Relief and all other adverse rulings made in this case.")). Plaintiff now seeks permission to proceed IFP on appeal.

"An appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "An investigation into the [IFP] movant's objective good faith, while necessitating a brief inquiry into the merits of an appeal, does not require that probable success be shown." *Judd v. Sec'y of State of La.*, 461 F. App'x. 399, 400 (5th Cir. 2012) (quoting

*Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983)). Rather, the inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Judd*, 461 F. App'x at 400 (quoting *Howard*, 707 F.2d at 220).

TROs and preliminary injunctions are extraordinary remedies that may only be granted when the movant clearly establishes "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) the issuance of the preliminary injunction will not disserve the public interest." *Greer's Ranch Cafe v. Guzman*, 540 F. Supp. 3d 638, 645 (N.D. Tex. 2021) (citing *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013)). "If a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction." *Guzman*, 540 F. Supp. 3d at 645 (citation modified).

Here, the Court denied Plaintiff's request for injunctive relief because he failed to clearly show a substantial likelihood of success on the merits. (*See* Docket Entries 27 and 46.) The most he offered was a single, conclusory assertion that Defendant Wells Fargo Bank initiated eviction proceedings "even though foreclosure was still pending and Plaintiff remained the title owner." (*See* Docket Entry 25, at 1.) Plaintiff made that assertion—and sought the injunctive relief at issue—on July 10, 2025. (*See id.*) But as the undersigned judicially noticed—and as the District Court had already found in another of Plaintiff's cases, *see Berrocal v. Valdespino*, SA-25-CV-521-OLG (ESC) (W.D. Tex. May 13, 2025) (Docket Entry 6, at 2)—the property at issue had been sold at a foreclosure sale more than three months earlier. (*See* Docket Entry 27, at 2.)

Based on the foregoing, and on the undersigned's recommendation, the Court denied preliminary injunctive relief. (*See* Docket Entries 27 and 46.) Plaintiff now appeals, but he

2

provides no basis to challenge the Court's finding that the property at issue had already been foreclosed and sold by the time Plaintiff filed his motion for injunctive relief.[1] Thus, his "appeal involves [no] legal points arguable on their merits (and therefore [is] frivolous)." *See Judd*, 461 F. App'x at 400.  I recommend therefore that the Court certify that Plaintiff's appeal is not taken in good faith, and that his motions for permission to proceed IFP on appeal (Docket Entries 54 and –55) be **DENIED**.

## Notice of Right to Object.

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this Report and Recommendation must be filed **within 14 days** after being served with a copy of the same, unless this time period is modified by the District Court.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

The parties shall file any objections with the Clerk of the Court and serve the objections on all other parties.  An objecting party must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; "objections that are frivolous, conclusory, or general in nature needn't be considered." *Williams v. Lakeview Loan Serv. LLC*, 694 F. Supp. 3d 874, 881 (S.D. Tex. 2023) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)).

---

[1] According to the Substitute Trustee's Deed, the property was purchased by Huerta's LLC on April 1, 2025, for $190,000, and the deed for the purchase was recorded on April 21, 2025. (*See* Docket Entry 23, at 5–10).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a *de novo* review by the District Court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to, proposed findings and conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on September 25, 2025.

Henry J. Bemporad
United States Magistrate Judge